Jason B. Lattimore
**The Law Office Of**
**JASON B. LATTIMORE, ESQ. LLC**
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: (973) 998-7477
Facsimile:  (973) 264-1159

*Attorneys for Plaintiff,*
*Interlink Products International, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERLINK PRODUCTS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> AGREAT SHOWER & SANITARY (XIAMEN) CO., LTD. and PI KUANG TSAI, <br><br> Defendants. | Case No: <br> CIVIL ACTION <br><br><br> **COMPLAINT** |

Plaintiff, Interlink Products International, Inc. (hereinafter "Interlink" or "Plaintiff"), by and through its undersigned attorney, hereby complains of Defendants, Agreat Shower & Sanitary (Xiamen) Co., Ltd. ("Agreat") and Pi Kuang Tsai ("Tsai") (collectively, "Defendants"), as follows:

**THE PARTIES**

1.       Plaintiff is a New Jersey corporation with its principal place of business at 1315 East Elizabeth Avenue, Linden, NJ 07036.

2.	On information and belief, Defendant Agreat is a Chinese company with its principal place of business at 46, West Road, Xinglin, Jimei District, Xiamen, China.

3.	On information and belief, Defendant Tsai is an individual residing in Taiwan who maintains business offices located at 13F-2, No.85, Sec 1, Wenshin Road, Nantuen Chiu, Taichung, Taiwan.

## JURISDICTION AND VENUE

4.	This Court has jurisdiction over the claims alleged pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity between the plaintiff and the defendants, and the matter in controversy exceeds $75,000.

5.	This Court has personal jurisdiction over Defendants in that Defendants have agreed to subject themselves to the jurisdiction of this Court as to any suit arising out of or relating to the agreement that is the subject of this lawsuit.  This Court also has general and specific jurisdiction over Defendants in that Defendants regularly direct their business activities to this jurisdiction, and Defendants' activities with respect to this State gave rise to Interlink's Claims.

6.	Venue is proper in this district pursuant to 28 U.S.C. § 1391(a).

## NATURE OF THE CLAIMS

7.	This case arises out of Defendants' breach of a contract to assign U.S. Patent No. 7,299,510 ("the '510 Patent") to Interlink.  As owner of equitable title to the '510 Patent, Interlink seeks a decree declaring it to be the owner of legal title thereto or, in the alternative, specific performance of the agreement to assign the '510 Patent.

**FACTS**

8. Plaintiff, Interlink, is a New Jersey based research & development company specializing in the development, manufacturing and marketing of innovative consumer and professional healthcare products in the shower and bath, personal care and cleaning categories. The company was founded in 1996 and built on conceptual and technological innovation, high product quality and excellence in customer service.

9. On November 27, 2007, United States Letters Patent No. 7,299,510 were issued to Tsai for a holder device for a showerhead and nozzle. At all relevant times, Tsai owned the patent and possessed the authority to contract for the assignment of the patent to Interlink.

10. At all relevant times, Tsai owned and controlled Agreat.

11. On August 7, 2015, after a period of negotiations, Tsai and Agreat agreed with Interlink on all material terms of a Patent Purchase Agreement (the "Purchase Agreement") under which Tsai was obligated to execute an assignment of the '510 Patent to Interlink and Agreat disavowed and otherwise relinquished any rights it may have had with respect to the '510 Patent. Interlink and Tsai likewise agreed to all terms of the patent assignment transferring the '510 Patent to Interlink.

12. On September 2, 2015, and on at least one other occasion, Defendants confirmed, in writing, the parties' mutual assent to the terms of the Purchase Agreement and assignment for the '510 Patent.

13. Despite having agreed on all terms, and despite several attempts on the part of Interlink to obtain Defendants' cooperation with closing on the transfer of the '510 Patent, Defendants have refused to execute the Purchase Agreement and the assignment.

14. Interlink remains ready, willing and able to perform its contractual obligations under the Purchase Agreement, such performance being due, per the parties' agreement, only after Defendants' delivery of properly executed Purchase Agreement and assignment documents to Interlink.

## COUNT I
### (Declaratory Judgment)

15. Plaintiff restates and realleges the allegations of paragraphs 1-14 as if fully set forth herein.

16. Defendants' agreement to assign the '510 Patent to Interlink vested Interlink with equitable ownership of the '510 Patent.

17. Defendants' refusal to comply with their obligation to transfer the '510 Patent to Interlink has deprived and continues to deprive Interlink, as equitable owner of the '510 Patent, of the right to pursue legal action against infringers of the patent and to otherwise protect and exploit rights in the patent, thereby damaging and irreparably injuring Interlink.

18. Interlink is entitled to a declaratory judgment that, effective upon the date of such judgment, Interlink is the legal owner of the '510 Patent.

## COUNT II
### (Breach of Contract – Specific Performance)

19. Plaintiff restates and realleges the allegations of paragraphs 1-18 as if fully set forth herein.

20. Interlink entered into a contract (the Purchase Agreement) with Defendants requiring Tsai to assign the '510 Patent to Interlink and Agreat to relinquish any rights it may have had in the patent.

21. By the aforementioned conduct, Defendants breached the Purchase Agreement.

22. Interlink has suffered harm as a result of Defendants' breach for which legal remedies will not suffice.

23. Interlink is entitled to specific performance of the Purchase Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

I. That the Court enter judgment in Interlink's favor declaring Interlink to be the legal owner of the '510 Patent, and that legal ownership of the '510 Patent vests in Interlink as of the date of the Judgment.

II. In the alternative, that the Court enter judgment in Interlink's favor for specific performance of the Purchase Agreement and compelling Defendants to execute the Purchase Agreement and assignment.

III. For judgment in Interlink's favor awarding damages, cost of suit and any and all other relief the Court deems just.

Dated: October 15, 2015                    Respectfully submitted,

                                           The Law Office Of
                                           JASON B. LATTIMORE, ESQ. LLC

                                           By  s/ Jason B. Lattimore
                                               Jason B. Lattimore
                                               55 Madison Avenue, Suite 400
                                               Morristown, NJ 07960
                                               Telephone: (973) 998-7477
                                               Facsimile:  (973) 264-1159

                                           *Attorneys for Plaintiff*
                                           *Interlink International Products, Inc.*

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

The undersigned hereby certifies that, to the best of his knowledge, this matter is not the subject of any other action pending in any court, or any pending or contemplated arbitration or administrative proceeding.  The undersigned further certifies that, to the best of his knowledge, there are no additional parties who should be joined in this matter.

Dated: October 15, 2015

Respectfully submitted,

The Law Office Of
JASON B. LATTIMORE, ESQ. LLC

By  s/ Jason B. Lattimore
    Jason B. Lattimore
    55 Madison Avenue, Suite 400
    Morristown, NJ 07960
    Telephone: (973) 998-7477
    Facsimile:  (973) 264-1159

*Attorneys for Plaintiff*
*Interlink International Products, Inc.*